**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 25-2096**

————————

In re: NATALIE A. TAO, f/k/a Natalie Morgan-Tao, f/k/a Natalie Morgan Tao, formerly doing business as Quality Care Daycare at BUP LLP-SSM, a/k/a Quality Care DayCare at BUP, LLP,

        Petitioner.

————————

On Petition for Writ of Mandamus to the United States Bankruptcy Court for the District of Maryland, at Baltimore.  (25-14490)

————————

Submitted:  January 30, 2026                        Decided:  February 18, 2026

————————

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

————————

Petition denied by unpublished per curiam opinion.

————————

Natalie A. Tao, Petitioner Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Natalie A. Tao petitions for a writ of mandamus in relation to her voluntary Chapter 13 petition in bankruptcy, seeking an order directing the bankruptcy court to disqualify the Trustee; require the Trustee to credit certain plan payments and preserve and reconstruct certain documents; provide ADA-compliant access to all proceedings; recover certain assets; prohibit certain parties from participating in proceedings; and abstain from retaliating against her. Tao further requests that this court stay any collection or enforcement proceedings pending the resolution of this petition.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner "has a clear and indisputable right to" the relief she seeks and "has no other adequate means . . . to attain the desired relief." *In re Moore*, 955 F.3d 384, 388 (4th Cir. 2020) (citation modified). Our review of the bankruptcy court's docket leads us to conclude that the dismissal of Tao's voluntary Chapter 13 petition pursuant to 11 U.S.C. § 521(i)(1) renders moot much of the relief Tao seeks. The remaining relief Tao seeks is not available by way of mandamus because mandamus may not be used as a substitute for appeal, *see In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007), and Tao has not demonstrated a clear right to the relief sought.

Accordingly, we deny the petition for a writ of mandamus and deny as moot Tao's motion for a stay. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid the

decisional process.

*PETITION DENIED*